UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| MELISSA VAN HOOK,<br><br>　　Plaintiff,<br><br>vs.<br><br>CRETE CARRIER CORPORATION,<br><br>　　Defendant. | Case No.: 1:24-cv-00617-BLW-REP<br><br>**REPORT AND RECOMMENDATION RE:**<br><br>**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FRCP 12(b)(2) (Dkt. 3)**<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION FOR LIMITED JURISDICTIONAL DISCOVERY (Dkt. 9)**<br><br>**PLAINTIFF'S MOTION FOR RULING ON PENDING MOTIONS (Dkt. 15)**<br><br>**PLAINTIFF'S MOTION REQUESTING STATUS CONFERENCE (Dkt. 16)**<br><br>**PLAINTIFF'S RENEWED MOTION TO COMPEL RULING ON PENDING MOTIONS OR SET STATUS CONFERENCE (Dkt. 17)** |

　　Pending before the Court are several motions: (i) Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 3); (ii) Plaintiff's Motion for Limited Jurisdictional Discovery (Dkt. 9); (iii) Plaintiff's Motion for Ruling on Pending Motions (Dkt. 15); (iv) Plaintiff's Motion Requesting Status Conference (Dkt. 16); and (v) Plaintiff's Renewed Motion to Compel Ruling on Pending Motions or Set Status Conference (Dkt. 17).  Having reviewed the record and the parties' briefs, the Court finds that oral argument is not necessary.  *See* Dist. of

**MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION - 1**

Idaho Loc. Civ. R. 7.1 (d)(1)(B).  For the reasons set forth below, the undersigned recommends[1] that Defendant's Motion to Dismiss (Dkt. 3) be granted for lack of personal jurisdiction, but that the action be transferred under 28 U.S.C. § 1631.  Relatedly, the undersigned hereby orders that Plaintiff's Motion for Limited Jurisdictional Discovery (Dkt. 9) is denied, while Plaintiff's Motion for Ruling on Pending Motions (Dkt. 15), Plaintiff's Motion Requesting Status Conference (Dkt. 16), and Plaintiff's Renewed Motion to Compel Ruling on Pending Motions or Set Status Conference (Dkt. 17) are denied as moot.

## I. BACKGROUND

This case arises out of Plaintiff Melissa Van Hook's employment with, and subsequent termination from, Defendant Crete Carrier Corporation ("Crete").

Van Hook alleges that, when Crete hired her in February 2023 to work as an "over the road" truck driver, she disclosed to Crete that she suffered from night blindness.  Van Hook claims that Crete acknowledged her condition by initially allowing her to perform the essential functions of the job during daylight hours only.  But in December 2023, Crete placed Van Hook on 30 days of involuntary personal leave because of her inability to perform job functions at night.  Crete ultimately terminated Van Hook's employment in January 2024 after it could not find a suitable assignment to accommodate her condition.  This action followed, with Van Hook asserting the following claims against Crete: (i) disability discrimination under the Americans with Disabilities Act ("ADA"); (ii) failure to provide reasonable accommodations in violation of the ADA; and (iii) libel.

---

[1] The action was originally assigned to the undersigned on December 19, 2024.  However, when the parties did not consent to magistrate judge jurisdiction, the action was reassigned to U.S. District Judge B. Lynn Winmill on February 13, 2025.  Judge Winmill referred the action back to the undersigned on February 14, 2025.  *See* Order Referring Case (Dkt. 13) (instructing the undersigned to enter (i) orders on non-dispositive matters, and (ii) reports and recommendations on dispositive matters).

**MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION - 2**

Relevant here, Van Hook is an Idaho citizen, but her "home terminal" during her employment with Crete was located in Cheyenne, Wyoming, and the majority of her driving for Crete occurred outside Idaho. Crete is incorporated in Nebraska and has its principal place of business in Lincoln, Nebraska. Crete asserts that it does not lease or own any offices, lots, terminals, facilities, or property within the State of Idaho. Crete therefore supervised Van Hook from its terminals in Wyoming and Utah. Based on these geographic circumstances, Crete moves to dismiss Van Hook's claims against it for lack of personal jurisdiction. The Court addresses that threshold issue, as well as Van Hook's related motions, below.

## II. REPORT/MEMORANDUM

### A. Crete's Motion to Dismiss (Dkt. 3)

#### 1. Legal Standard

Personal jurisdiction is the "power of a court to enter judgment against a person." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). When opposing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of establishing that jurisdiction is proper." *Mavrix Photo, Inc. v. Band Tech., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citation omitted).

Where "the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix*, 647 F.3d at 1223 (citation omitted). Under this standard, the plaintiff's "materials [must] demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." *Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977) (citations omitted). However, the Court may consider other evidence outside of the pleadings such as declarations and affidavits to determine whether it has personal jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). The plaintiff cannot

**MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION - 3**

"simply rest on the bare allegations of its complaint" where those allegations are contradicted by affidavit; however, where both parties submit conflicting affidavits, the Court must resolve controverted allegations in the plaintiff's favor. *Mavrix*, 647 F.3d at 1223 (citation omitted).

Where, as here, there is no applicable federal statute governing the assertion of personal jurisdiction over an out-of-state defendant, the district court applies the law of the forum state. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998)). However, the assertion of personal jurisdiction under the law of the forum state must also be consistent with the Due Process Clause. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

Idaho's long-arm statute, codified at Idaho Code § 5-514, allows a broader assertion of personal jurisdiction than allowed under the Due Process Clause. *Wells Cargo, Inc. v. Transp. Ins. Co.*, 676 F. Supp. 2d 1114, 1119 n.2 (D. Idaho 2009). Thus, under Idaho law, personal jurisdictional analysis and federal due process analysis are the same. *Id.*

The exercise of personal jurisdiction over an out-of-state defendant complies with federal due process "only if he or she has certain minimum contacts with the relevant forum such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (internal quotation marks and citation omitted). "Applying the 'minimum contacts' analysis, a court may obtain either general or specific jurisdiction over a defendant." *Doe*, 248 F.3d at 923.

2.  The Court Lacks General Personal Jurisdiction Over Crete

If the state where the court sits can be "fairly regarded as home" to the defendant, general jurisdiction is properly exercised. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011); *see also Daimler AG v. Bauman*, 571 U.S. 117, 139 n.20 (2014) (general

**MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION - 4**

jurisdiction exists where a defendant's activities within a state are "so substantial" or "continuous and systematic" that they essentially "render the corporation at home in that State"); *Yahoo*, 433 F.3d at 1205 (the "minimum contacts" required for general jurisdiction "are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum"); *Schwarzenegger*, 374 F.3d at 801 (a corporation is at home in any state where it engages "in … continuous and systematic general business contacts … that approximate physical presence …."). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 582 U.S. 255, 262 (2017) (emphasis in original, citation omitted). "But only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction in that state." *Id*. (internal quotation marks and citation omitted). The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business. *Daimler*, 571 U.S. at 137. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

Here, Crete is incorporated in Nebraska with its principal place of business in Lincoln, Nebraska. Stout Decl. at ¶ 4 (Dkt. 4). Though its business involves truckload freight transportation to the 48 contiguous states, it does not lease or own any offices, lots, terminals, facilities, or property within the State of Idaho. *Id*. at ¶ 7. Instead, its business activities, including control over its employees, facilities, and equipment are directed from its headquarters in Nebraska. *Id*. at ¶ 5. Given these factors, this is not the "exceptional case" warranting the exercise of general jurisdiction beyond Crete's place of incorporation and principal place of business. The record before the Court falls far short of establishing the substantial, continuous, and systematic contacts necessary to render Crete "at home" in Idaho. *See Daimler*, 571 U.S. at

**MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION - 5**

139 n.20 ("a corporation that operates in many places can scarcely be deemed at home in all of them"). Therefore, the Court lacks general jurisdiction over Crete.

        3.      <u>The Court Lacks Specific Personal Jurisdiction Over Crete</u>

The "essential foundation" of specific jurisdiction is a "strong relationship among the defendant, the forum, and the litigation." *Ford Motor Co. v. Mont. Eighth Jud. Dist.*, 592 U.S. 351, 353 (2021) (quotation marks omitted). "[T]he relationship must arise out of contacts that the 'defendant [itself]' creates with the forum state." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 465 (1985)). The analysis also must look to the defendant's contacts with the forum state, and not with persons who reside there. *Id*. at 285. A defendant may be "haled into court in a forum state based on [its] own affiliation with the state, not based on the 'random, fortuitous, or attenuated' contacts [it] makes by interacting with other persons affiliated with the state." *Id*. at 286 (quoting *Burger King*, 471 U.S. at 475). Ultimately, "the defendant's suit-related conduct must create a substantial connection with the forum state." *Id*. at 284; *see also id*. at 290 ("The proper question is … whether the defendant's conduct connects [it] to the forum in a meaningful way.").

To determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate, the Ninth Circuit applies a three-part test, commonly referred to as the "minimum contacts" test: "(i) the non-resident defendant must purposely direct [its] activities or consummate some transaction with the forum or resident thereof, or perform some act by which [it] purposely avails [itself] of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws; (ii) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (iii) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable." *Freestream Aircraft (Berm.) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 603 (9th Cir. 2018) (quoting *Schwarzenegger*, 374

**MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION - 6**

F.3d at 802). The plaintiff bears the burden as to the first two prongs; "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King*, 471 U.S. at 476-78).

The first prong embodies two distinct, although sometimes conflated, concepts: purposeful direction and purposeful availment. *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010). Purposeful direction generally applies to actions sounding in tort, whereas purposeful availment is "most often used in suits sounding in contract." *Schwarzenegger*, 374 F.3d at 802. Because Van Hook's discrimination and defamation claims against Crete are tortious rather than contractual, the purposeful direction analysis applies. *See, e.g.*, *Doe v. Teachers Council, Inc.*, 757 F. Supp. 3d 1142, 1160 (D. Or. 2024) (applying the purposeful direction test to a case involving allegations of employment discrimination).

To determine whether a defendant has purposely directed its actions toward Idaho, the Court applies the three-part test established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). *See Mavrix*, 647 F.3d at 1229 (9th Cir. 2011) (adopting the *Calder* "effects" test). Under the *Calder* "effects" test, a defendant is subject to jurisdiction in a forum state when it "(i) commit[s] an intentional act, (ii) expressly aimed at the forum state, (iii) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803. In 2014, the Supreme Court revisited the test and emphasized that "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects [it] to the forum in a meaningful way." *Id*.

Here, it is clear that, in firing Van Hook, Crete committed an intentional act and reasonably knew that Van Hook would have suffered the effects of her termination in Idaho, where she resided. *See* Mem. ISO MTD at 9 (Dkt. 5) (Crete acknowledging that its termination

**MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION - 7**

of Van Hook's employment and alleged statements about her failure to follow Crete policy "may arguably constitute intentional acts with consequences felt within the state"). Thus, the dispositive issue is whether Crete *expressly aimed* its actions toward Idaho. Crete argues it did not, pointing out that Van Hook's residence in Idaho, without more, does not confer specific jurisdiction. *Id*. at 7-9. The undersigned agrees.

Taking Van Hook's factual allegations as true, Crete supervised Van Hook out of its Wyoming and Utah terminals before placing her on administrative leave and then firing her from its headquarters in Nebraska. Compl. at 2 (Dkt. 1). This demonstrates only that Crete expressly aimed/purposely directed actions at Van Hook – who happens to be an Idaho resident – not Idaho itself. In other words, the connection between Crete and Idaho was the result of Van Hook's unilateral decision to live there, representing the sort of "random, fortuitous, or attenuated contacts" that, under *Burger King*, 471 U.S. at 475, are insufficient to establish specific jurisdiction. Although she lives in Idaho, Van Hook's "injury is entirely personal to [her] and would follow [her] wherever [she] might choose to live or travel"; thus, "the effects of [Crete's] actions are … 'not connected to the forum state in a way that makes those effects a proper basis for jurisdiction.'" *Picot v. Weston*, 780 F.3d 1206, 1215 (9th Cir. 2015) (quoting *Walden*, 571 U.S. at 290); *see also, e.g.*, *Duong v. Groundhog Enterprises*, 2020 WL 2046397, at *4 (C.D. Cal. 2020) ("[T]he plaintiff cannot be the only link between the defendant and the forum.") (internal quotation marks omitted); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) ("while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires"); *Coffey v. Mesa Airlines, Inc.*, 2019 WL 4492952, at * 6 (C.D. Cal. 2019) (assertion that defendants "knew that Plaintiff was a California citizen when they offered him employment" and therefore expressly aimed their intentional

**MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION - 8**

actions at California "utterly fails to satisfy the purposeful direction test") (citing *Walden*, 571 U.S. at 289, 291 ("[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum state.")).

Since Van Hook has not shown that Crete expressly aimed its actions toward Idaho, Crete's at-issue conduct does not connect it to Idaho in a meaningful way. Van Hook therefore has not satisfied the purposeful direction requirement of the minimum contacts test and this Court lacks specific personal jurisdiction over Crete. Accordingly, the Court need not address the remaining minimum contact prongs (relatedness and reasonableness). *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) ("If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law.") (internal quotation marks omitted).

Given the absence of both general and specific personal jurisdiction, the undersigned recommends that Crete's Motion to Dismiss (Dkt. 3) be granted. *But see infra* (discussing possible application of 28 U.S.C. § 1631).

4.  Transfer to Cure Lack of Jurisdiction

A federal court lacking jurisdiction must consider whether the case should be dismissed or, instead, transferred to a court properly having jurisdiction:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court … in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631; *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (encouraging courts to consider sua sponte whether a case should be transferred under Section 1631). This statute "confers on [a federal court] authority to make a single decision upon concluding that it

**MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION - 9**

lacks jurisdiction – whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court of appeals that has jurisdiction." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988).

Section 1631 was designed to avoid dismissal where the plaintiff mistakenly filed a case in the wrong court. *See Alexander v. C.I.R.*, 825 F.2d 499, 501 (D.C. Cir. 1987) ("Congress intended that a case mistakenly filed in the wrong court should be transferred as though it had been filed in the transferee court on the date in which it was filed in the transferor court.") (quoting 128 Cong. Rec. 3572 (1982) (internal quotation marks and alteration omitted)). "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (internal quotation marks omitted).

Here, it is understandable that Van Hook believed this Court to be an appropriate one in which to pursue claims against Crete. Therefore, pursuant to Section 1631, the undersigned recommends that the action not be dismissed outright, but instead transferred to a United States District Court with the requisite jurisdiction.

**B.    Van Hook's Related Motions (Dkts. 9, 15, 16, 17)**

Filed contemporaneously with her response to Crete's Motion to Dismiss, Van Hook's Motion for Limited Jurisdictional Discovery requests that she be allowed to conduct limited jurisdictional discovery so that she may further develop necessary jurisdictional evidence. *See generally* Mot. for Ltd. Jxn. Disc. (Dkt. 9). She specifically seeks discovery relating to Crete's general business activities within Idaho. *Id*. Van Hook's request is without merit.

District courts are "vested with broad discretion to permit or deny discovery, and a decision 'to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Laub v.*

**MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION - 10**

*United States Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Hallett v. Morgan*, 287 F.3d 1193, 1212 (9th Cir. 2002)). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (internal quotation marks and citation omitted). On the other hand, a request for discovery may be denied where it is "based on little more than a hunch that it might yield jurisdictionally relevant facts," *id.* (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)), or "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Wells Fargo*, 556 F.2d at 430 n.24. That is to say, "discovery should not be permitted to conduct a fishing expedition." *Johnson v. Mitchell*, 2012 WL 1657643, at *7 (E.D. Cal. May 10, 2012).

Here, the information Van Hook requests is insufficient to justify jurisdictional discovery because it would not demonstrate a basis for personal jurisdiction in the context of this action. First, recognizing Crete's place of incorporation and principal place of business in Nebraska – the "paradigmatic" bases for general jurisdiction (*supra*) – the information would not reveal that Crete is actually "at home" in Idaho. Second, Van Hook's discrimination claims do not arise out of or relate to Crete's business activities within Idaho. That is, Crete's alleged suit-related discriminatory acts did not occur in Idaho. Thus, Van Hook's inquiries into Crete's separate business activities in Idaho are not relevant to this Court's specific jurisdiction over Crete relative to this action. At bottom, Van Hook has failed to show that the requested jurisdictional discovery would uncover any particular facts that would fundamentally change the analysis of Crete's Motion to Dismiss.

Van Hook's remaining motions variously ask that the Court address the arguments raised in Crete's Motion to Dismiss so that the case can proceed. *See generally* Mot. for Ruling (Dkt.

**MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION - 11**

15); Mot. Requesting Status Conf. (Dkt. 16); Renewed Mot. to Compel Ruling (Dkt. 17). These motions are rendered moot insofar as the undersigned has now made a recommendation as to Crete's pending Motion to Dismiss. Accordingly, the undersigned will deny the motions.

## III.  RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 3) be GRANTED, but that the action be transferred under 28 U.S.C. § 1631.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty (20) pages . . . within fourteen (14) days . . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed twenty (20) pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

## IV.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Limited Jurisdictional Discovery (Dkt. 9) is DENIED;

2. Plaintiff's Motion for Ruling on Pending Motions (Dkt. 15), Plaintiff's Motion Requesting Status Conference (Dkt. 16), and Plaintiff's Renewed Motion to Compel Ruling on Pending Motions or Set Status Conference (Dkt. 17) are DENIED AS MOOT.



DATED:  June 10, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER and REPORT AND RECOMMENDATION - 12**